# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **STEPHANIE HESTER, on behalf of herself and all others similarly situated,** | **CLASS AND COLLECTIVE ACTION** |
| | **CASE NO.** 3:24-cv-639-RGJ |
| **PLAINTIFF,** | **JUDGE** _____ |
| v. | **JURY DEMAND** |
| **PARK COMMUNITY CREDIT UNION, INC.** | **NATIONWIDE RELIEF SOUGHT** |
| **DEFENDANT.** | |

*ELECTRONICALLY FILED*

Comes Plaintiff, Stephanie Hester, by counsel, and for her Complaint against Defendant, Park Community Credit Union, Inc. ("Defendant" or "Park Community"), hereby states as follows:

## NATURE OF THE CASE

1. Wage theft is pervasive and damaging, affecting workers across the United States. It occurs when employers fail to pay employees the full wages they have earned, such as by requiring off-the-clock work, denying overtime pay, or misclassifying employees. Wage theft robs workers and their families of critical income needed for basic necessities, and deprives the government of tax revenue. Wage theft also forces law-abiding businesses to unfairly compete against those that cheat. Ultimately, wage theft erodes worker protections, perpetuates economic inequality, and undermines the principles of a fair and equitable labor market. Addressing this widespread abuse is essential for upholding the rights and dignity of workers nationwide.

2. Defendant employed Plaintiff as a mortgage loan officer for approximately a decade. During her tenure, Defendant had a practice and policy of misclassifying Plaintiff and other similarly situated individuals as "exempt" employees and willfully failed to pay them overtime compensation at the rate of one and one-half their regular rate of pay for all the hours they worked over 40 each workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010 et seq, and the Indiana Minimum Wage Law ("IMWL"), I.C. 22-2-2-1, et seq.

3. Plaintiff brings this action to recover wages for uncompensated time, overtime pay, liquidated damages, attorney fees, and costs under the FLSA, KWHA, and IMWL. Plaintiff asserts her FLSA claim as a collective action on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiff asserts her KWHA and IMWL claims as a class action on behalf of herself and all others similarly situated pursuant to Fed. R. Civ. P. 23.

## PARTIES

4. Plaintiff is a citizen of the United States and a resident of Corydon, Harrison County, Indiana.

5. Defendant is a Kentucky corporation which conducts business within this judicial district as Park Community Credit Union and OroWa Financial. Defendant's principal office is located at 2515 Blankenbaker Parkway, Louisville, KY 40299.

6. Defendant employed Plaintiff at its principal office from approximately July 26, 2010 until approximately June 14, 2024.

7. Plaintiff's written consent to this action is attached hereto as Exhibit A.

8. Written consents to join this action will be filed pursuant to 29 U.S.C. § 216(b) as and when executed by other individual plaintiffs.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), 28 USC §§ 1331, 1337, and 1343.

10. This Court has personal jurisdiction over Defendant because its principal place of business is in Kentucky, and it is organized under the laws of this Commonwealth.

11. This Court has supplemental jurisdiction over the state law claims pursuant to 28 USC § 1367 because the state law claims arise out of the same set of operative facts as Plaintiff's FLSA claims. Specifically, the FLSA, KWHA, and IMWL claims concern Defendant's practice and policy of misclassifying Plaintiff and other similarly situated individuals as "exempt" employees and failing to pay them overtime compensation at the rate of one and one-half their regular rate of pay for all the hours they worked over 40 each workweek. Plaintiff's KWHA and IMWL claims are so related to the FLSA claim as to form part of the same case or controversy and would be expected to be tried in a single judicial proceeding with the FLSA claims.

12. Venue is proper in the Western District pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in Jefferson County, Kentucky, conducts business throughout this District and Division, and all or a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## FACTUAL ALLEGATIONS

13. Defendant employed Plaintiff at its principal office from approximately July 26, 2010 until approximately June 14, 2024.

14. Plaintiff has at all relevant times been an "employee" within the meaning of the FLSA, KWHA, and IMWL.

15. Plaintiff has at all relevant times been an employee "engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §§ 206-207.

16. Defendant has at all relevant times been an "employer" within the meaning of the FLSA, KWHA, and IMWL.

17. Defendant is a credit union operating numerous offices in Kentucky and Indiana where it employs mortgage loan officers.

18. Plaintiff started working for Defendant as a Compliance Specialist in 2010, became a Senior Processor in 2013, and then a mortgage loan officer in 2014. Plaintiff remained a mortgage loan officer until Defendant terminated her employment on June 14, 2024.

19. Other similarly situated individuals were, and continue to be, employed by Defendant as mortgage loan officers in Kentucky and Indiana. For clarity, any reference to "mortgage loan officers" in this Complaint includes mortgage loan officers and loan originators for both residential and commercial loans and business lines.

20. At all material times, Plaintiff and the other mortgage loan officers were paid a salary wage.

21. At all material times, Plaintiff and the other mortgage loan officers employed by Defendant regularly worked, and continue to work, more than 40 hours per workweek.

22. During the three years immediately preceding the filing of this Complaint, Defendant required its mortgage loan officers, including Plaintiff, to work more than 40 hours per workweek and did not compensate them at a rate of one and one-half times their regular rate of pay for the hours they worked in excess of 40 per workweek.

23. In fact, Defendant did not compensate them at all at any rate for the hours they worked in excess of 40 per workweek.

24. Defendant's practice of not paying mortgage loan officers for any hours worked in excess of 40 per workweek continues today.

25. Plaintiff estimates she worked, on average, approximately 50 or more hours per workweek throughout the time she was employed with Defendant during the three years immediately preceding the filing of this Complaint.

26. While employed by Defendant, Plaintiff and other similarly situated mortgage loan officers were, and continue to be, misclassified as exempt from the overtime provisions of the FLSA, KWHA, and IMWL.

27. Upon information and belief, Defendant misclassified, and continue to misclassify, its mortgage loan officers as exempt pursuant to the administrative or outside sales exemptions.

28. However, none of the bona fide exemptions apply to the work Plaintiff and other mortgage loan officers performed, and continue to perform, during their employment with Defendant.

29. The primary duty of Plaintiff and other similarly situated mortgage loan officers was/is communicating with prospective borrowers to gather financial information, educating prospective borrowers on different mortgage products, guiding prospective borrowers through the application process, collecting required documentation from prospective borrowers, submitting completed loan applications and supporting materials to underwriters for approval, and communicating with real estate agents and other stakeholders throughout the loan process.

30. Plaintiff and other similarly situated mortgage loan officers did/do not perform work directly related to the management or general business operations of Defendant.

31. Plaintiff and other similarly situated mortgage loan officers did/do not exercise discretion or independent judgment with respect to matters of significance. Any decisions regarding approval or denial of loans were/are made by underwriters or other representatives of Defendant.

32. Plaintiff and other similarly situated mortgage loan officers were/are not customarily and regularly engaged away from Defendant's places of business. Their sales work was/is not conducted outside the office, and they did/do not visit prospective borrowers in person at their homes or places of business.

33. Defendant did/does not require its mortgage loan officers to have a bachelor's degree, license, or certification in any field of science or learning.

34. Defendant suffered and permitted Plaintiff and other similarly situated mortgage loan officers to work such unpaid overtime hours.

35. As a result of Defendant's failure to compensate Plaintiff and similarly situated mortgage loan officers for the overtime hours they worked, Plaintiff and similarly situated mortgage loan officers are entitled to overtime pay at a rate of one and one-half their regular rate of pay for all the hours they worked in excess of 40 per workweek.

36. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA, KWHA, and IMWL.

37. Defendant knew and otherwise showed reckless disregard as to whether its conduct was prohibited by the FLSA, KWHA, and IMWL.

38. Defendant knew Plaintiff and other mortgage loan officers were working more than 40 hours per workweek as Defendant, who determined their work schedules and work

volume, required them to do so, and Defendant's computer systems reflected the times that the employees were logged in, accessing cloud folders, and/or otherwise working.

39. Defendant knew Plaintiff and other mortgage loan officers were not customarily and regularly engaged in work away from Defendant's places of business, and that their work was primarily conducted from their offices and not in person at the homes or places of business of prospective borrowers.

40. Moreover, the United States Department of Labor ("DOL") determined that mortgage loan officers generally do not qualify for the administrative exemption under the FLSA back in 2010 when it issued Administrator's Interpretation 2010-1. This interpretation was subsequently upheld by the U.S. Supreme Court in 2015. *See Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, (2015).

41. Therefore, Defendant knew or should have known that it was misclassifying Plaintiff and other mortgage loan officers as exempt.

42. Nonetheless, Defendant knowingly, willfully, and/or with reckless disregard of the law carried out its unlawful pattern, practice, and policy of misclassifying Plaintiff and other mortgage loan officers as exempt from overtime requirements, and failing to pay them overtime compensation as mandated by law.

43. Upon information and belief, Defendant failed to make, keep, and preserve accurate records of all of the unpaid work performed by Plaintiff and similarly situated mortgage loan officers employed by Defendant.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff asserts her FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees:

> All current and former salaried mortgage loan officers employed by Defendant in the United States at any time between three years prior to the filing of this lawsuit and the present (the "Collective Class").

45. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Collective Class, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law. Plaintiff and the Collective Class had substantially similar job requirements and pay provisions, were subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules – all culminating in a willful failure and refusal to pay Plaintiff and the Collective Class their proper wages due to Defendant's failure to pay overtime compensation as mandated by law.

46. The claims for relief, which include unpaid wages, overtime compensation, liquidated damages, attorney fees, and costs, are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The Collective Class is readily ascertainable from records Defendant is required by law to maintain. For purposes of notice and other purposes related to this action, the names and addresses of the Collective Class are readily available from Defendant. Notice can be provided to the Collective Class via first class mail to the last address known to Defendant, or to the last telephone number or email address known to Defendant.

47. Plaintiff has first-hand knowledge that other similarly situated current and former mortgage loan officers held the same type of position, had the same primary job duties and/or responsibilities, were paid under the same pay system, were misclassified as "exempt" employees, were not paid overtime compensation for the hours they worked over 40 in a workweek, and were subjected to the same pay practices, policies, and procedures. Plaintiff

requests that this Court authorize notice to be circulated to all similarly situated persons informing them of this action and their right to opt-in under 29 U.S.C. § 216(b).

48. Although the exact amount of damages may vary among the Collective Class in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

## CLASS ALLEGATIONS

49. Plaintiff also brings this action on her own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former salaried mortgage loan officers employed by Defendant in the United States at any time between three years prior to the filing of this lawsuit and the present (the "Rule 23 Class").

50. Subject to additional information obtained through further investigation and discovery, the foregoing class definition may be expanded or narrowed by amendment, in the motion for class certification, or at any other time before final judgment.

51. Plaintiff is a member of the Rule 23 Class she seeks to represent.

52. The Rule 23 Class members are readily ascertainable because their names and addresses are readily available from Defendant. The hours and work volume assigned and worked, the position held, and rates of pay for each Rule 23 Class member may also be determined from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses and telephone numbers are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

53. Upon information and belief, Defendant has employed dozens of individuals as mortgage loan officers since 2021. Thus, the Rule 23 class is sufficiently numerous that joinder

of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1). Disposition of claims as a class will benefit the parties and the Court.

54. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). Plaintiff and the members of the Rule 23 Class she seeks to represent were and are subject to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules – all culminating in a willful failure and refusal to pay Plaintiff and the Collective Class their proper wages due to Defendant's failure to pay overtime compensation as mandated by law. As a result, the Rule 23 Class shares several factual and legal questions, including, for example: (1) whether Defendant misclassified the members of the Rule 23 Class as exempt under the KWHA and IMWL; (2) whether Defendant failed to pay overtime compensation to the Rule 23 Class in violation of the KWHA and IMWL; (3) whether Defendant violated the KWHA and IMWL intentionally and willfully; and (4) what amount of monetary relief will compensate Plaintiff and members of the Rule 23 Class for Defendant's violations. Defendant's company-wide policies and practices affected all Rule 23 Class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and other Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures of Defendant.

55. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the KWHA and IMWL is not the result of any Plaintiff-specific circumstances. Rather, it arises from Defendant's common pay policies and practices, which Defendants applied generally to the entire proposed Rule 23 Class, including Plaintiff.

Thus, in advancing her own claims, Plaintiff will also be advancing the claims of the Rule 23 Class.

56. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class and Plaintiff has no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiff has retained competent counsel experienced in wage and hour litigation under the FLSA, KWHA, and IMWL and representing classes of similarly situated individuals against businesses. Plaintiff has no past or present financial, employment, familial, or other relationship with any of the attorneys in this case that would create a conflict of interest with the proposed class members.

57. By failing to pay overtime compensation to the Rule 23 Class, Defendant's pay practices and policies have created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a

significant saving of these costs. The prosecution of separate actions by individual members of the class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court is empowered to fashion methods to efficiently manage this action as a class action.

58. Further, this case is well-suited for class action treatment because the burden is on Defendant to prove it properly compensated its employees, including whether any potential exemptions might apply.

59. Defendant and other employers throughout the Commonwealth of Kentucky and State of Indiana violate the KWHA and IMWL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Workers reluctantly waive their rights to wage claims by remaining silent in an alarming number of cases as a result of these very real risks. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

60. Accordingly, Plaintiff is entitled to pursue her claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FLSA

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Plaintiff asserts this claim on behalf of herself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

63. Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

64. Defendant is an employer covered by the FLSA.

65. Plaintiff and Collective Class members are not exempt from receiving FLSA overtime benefits because, *inter alia*, they are not "executive," "administrative," "professional," or "outside sales" employees, as defined by the FLSA. *See* 29 C.F.R. §§ 541.0, et seq.

66. Accordingly, Defendant's practice and policy of failing to pay Plaintiff and members of the Collective Class overtime compensation at the rate of one and one-half their regular rate of pay for all hours worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

67. During all relevant times, Defendant unilaterally imposed on Plaintiff and the Collective Class conditions under which they did not receive compensation for overtime hours worked, willfully violated the FLSA and the applicable regulations of the DOL, depriving Plaintiff and the Collective Class of the rights, protection, and entitlement granted to them under this federal statute and the pertinent regulations.

68. By the acts and conduct described herein, Defendant has violated and is in violation of 29 U.S.C. § 207.

69. Defendant has intentionally failed to pay Plaintiff and the Collective Class required overtime compensation for hours worked in excess of 40 per workweek.

70. By engaging in the above-referenced conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

71. As a result of Defendant's violations of the FLSA and the applicable regulations of the DOL, Plaintiff and Collective Class have been injured and are entitled to recover wages for uncompensated time, overtime pay, liquidated damages, attorney fees, and costs in an amount to be determined at trial.

72. Plaintiff seeks all available relief under this cause of action.

## COUNT II
## VIOLATIONS OF THE KWHA

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Plaintiff asserts this claim on behalf of herself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

75. Plaintiff and the Rule 23 Class are current or former employees entitled to the KWHA's protections.

76. Defendant is an employer covered by the KWHA.

77. KRS § 337.285 requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek.

78. Defendant's practice and policy of failing to pay Plaintiff and members of the Rule 23 Class overtime compensation at the rate of one and one-half their regular rate of pay for all hours worked over 40 each workweek violated the KWHA, KRS § 337.275, et seq.

79. Plaintiff and Rule 23 Class members are not exempt from receiving KWHA overtime benefits because they do not fall within any of the exemptions set forth in the KWHA. *See* KRS § 337.285(2).

80. Defendant has violated the KWHA with respect to Plaintiff and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked and at time-and-one-half overtime rates for all hours worked in excess of 40 per workweek.

81. By, *inter alia*, implementing the challenged pay scheme to circumvent the overtime requirements of the KWHA as alleged herein, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

82. As a result of Defendant's violations of the KWHA and applicable regulations, Plaintiff and the Rule 23 Class have been injured and are entitled to recover wages for uncompensated time, overtime pay, liquidated damages, attorney fees, and costs in an amount to be determined at trial.

83. Plaintiff seeks all available relief under this cause of action.

## COUNT III
## VIOLATIONS OF THE IMWL

1. All previous paragraphs are incorporated as though fully set forth herein.

2. Plaintiff asserts this claim on behalf of herself and a portion of the members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23, and in the alternative to Count II.

3. Plaintiff and a portion of the Rule 23 Class are current or former employees entitled to the IMWL's protections.

4. Defendant is an employer covered by the IMWL.

5. I.C. § 22-2-2-4(f) requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek.

6. Defendant's practice and policy of failing to pay Plaintiff and members of the Rule 23 Class overtime compensation at the rate of one and one-half their regular rate of pay for all hours worked over 40 each workweek violated the IMWL, I.C. § 22-2-2-4, et seq.

7. Plaintiff and Rule 23 Class members are not exempt from receiving IMWL overtime benefits because they do not fall within any of the exemptions set forth in the IMWL. *See* I.C. §§ 22-2-2-4(h)-(s).

8. Defendant has violated the IMWL with respect to Plaintiff and a portion of the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked and at time-and-one-half overtime rates for all hours worked in excess of 40 per workweek.

9. By, *inter alia*, implementing the challenged pay scheme to circumvent the overtime requirements of the IMWL as alleged herein, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the IMWL.

10. As a result of Defendant's violations of the IMWL and applicable regulations, Plaintiff and the Rule 23 Class have been injured and are entitled to recover wages for uncompensated time, overtime pay, liquidated damages, attorney fees, and costs in an amount to be determined at trial.

11. Plaintiff seeks all available relief under this cause of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and designation of Plaintiff as Representative of the Collective Class;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), and to Fed. R. Civ. P. 23, of this litigation to all potential members of the class and collective action;

C. An order permitting this litigation to proceed as a class action pursuant to the KWHA, IMWL, and Fed. R. Civ. P. 23 and designation of Plaintiff as Representative of the Rule 23 Class;

D. A finding that Defendant violated the FLSA, KWHA, and IMWL;

E. A finding that Defendant's FLSA, KWHA, and IMWL violations are willful and not in good faith;

F. A judgment against Defendant in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages Defendant failed to pay and continues to refuse to pay in violation of the FLSA, KWHA, and IMWL;

G. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

H. Liquidated damages to the fullest extent permitted under the FLSA, KWHA, and IMWL;

I. Litigation costs, expenses, and Plaintiff's attorney fees to the fullest extent permitted under the FLSA, KWHA, IMWL, and the Federal Rules of Civil Procedure; and,

J. Such other and further relief as this Court deems just and proper in equity and under the law.

### JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: November 5, 2024                    Respectfully submitted,

*/s/ Aleksandr "Sasha" Litvinov*
Aleksandr "Sasha" Litvinov (KBA # 95598)
**SMITH KRIVOSHEY, PC**
867 Boylston Street
5th Floor #1520
Boston, MA 02116
(617) 377-7404 (Main)
(617) 202-3409 (Direct)
sasha@skclassactions.com

Yeremey O. Krivoshey (SBN 295032)
(*pro hac vice* motion forthcoming)
**SMITH KRIVOSHEY, PC**
166 Geary Str STE 1500-1507
San Francisco, CA 94108
415-839-7077 (Direct)
yeremey@skclassactions.com

*Counsel For Plaintiff, FLSA Collective Plaintiffs, and the Rule 23 Class*